Boswell *et al. v.* Patrick *et al.*

1. There being no complaint of any ruling by the court at the trial
   except in admitting certain evidence, and the same not being set
   forth in the motion for a new trial but merely described in gen-
   eral terms, no question of law is presented for decision by this
   court.
2. The evidence warranted the verdict, and there was no error in re-
   fusing a new trial.                    *Judgment affirmed.*
   April 17, 1893. Argued at the last term.

Equitable petition. Before Judge JENKINS. Greene
superior court. September term, 1892.

Sarah Patrick and six of her children, and one Peck
who joined them in the petition as their trustee, sued
W. J. Boswell and L. J. Boswell, to recover possession

of seven tenths undivided interest in certain land, and for cancellation of a deed thereto from the plaintiffs (other than Peck) and two other Patricks to the defendants, dated March 2, 1881. It was alleged that this deed was made to secure a debt due defendants by Sarah Patrick for and during the year 1881, for which debt the other petitioners received no benefit; that the debt had been fully paid off and settled in 1882, and the defendants should have cancelled the deed or reconveyed the land, but they refused to do so; and that they have received the rents and profits for four years, worth $100 per year. The petition was filed February 19, 1891. The deed was absolute on its face, without condition, and recited a consideration of $200. The defendants pleaded, not guilty; the statute of limitations; that they in good faith bought the property and paid Sarah Patrick therefor, and erected a dwelling-house thereon at a cost of $100, as well as other improvements, which was done with the knowledge of plaintiffs who interposed no objection, and that several of them had lived on the place, renting from defendants at a stipulated sum specified in their rent note, and are estopped by their conduct from recovering the premises. The jury found for the plaintiffs seven tenths interest in the land, and seven tenths of the rent for four years at $75 per year. The defendants' motion for a new trial was denied.

H. Patrick, one of plaintiffs, testified: In 1881, he, his mother, his brother William and an unmarried sister were living on the land. To obtain credit for their mother, all the Patrick children except C. L. and L. Patrick, all being of age and two of the daughters married, went in a body to defendants and made them a deed to the land in question. It was given to secure a debt of $200 to be contracted by the mother during that year. She and witness got goods under this security that year. The bill accruing was partly paid the last

of the year; and witness thought enough cotton was left soon after to totally cancel it. For several years afterwards he and Mrs. Patrick continued to get supplies from defendants, no further agreement having been made about security. He supposed defendants advanced under the same old arrangement, but there was no contract to this effect. About 1886 Mrs. Patrick left the place because of increased indebtedness claimed by defendants, and they assumed possession. Witness remained as a tenant for three years thereafter, paying $50 per year rent, that being agreed upon as ten per cent. of the indebtedness of his mother. Did not know why his brothers C. L. and L. Patrick did not join in this suit. Thought the place should rent for $100 to $125 per annum. Does not owe defendants anything, having paid them up every year. Does not know what his mother owes, as defendants would never furnish her a statement. They were paid all but a few dollars of their claim against her, to secure which the deed was given, last of November, 1881, and after that more than enough of her crop of that year was delivered to defendants to pay the balance of said claim. Never agreed for his interest in the land to pass as security for any other debt except for $200 to be supplied his mother in 1881. Defendants have been in possession, using the land and getting rents therefrom since 1886. The house they had erected thereon was worth not over $30 or $40. They furnished only the lumber of $15 in value, and witness did the work, for which he received no pay.

William Patrick, another of plaintiffs, testified similarly as to the purpose of the deed. He heard of no subsequent agreement, and made none himself. Had supposed the supplies obtained by his mother afterwards up to 1886, to have been got under the old deed. Never agreed for his interest to go as security for any debt other then the $200 in 1881. Paid up all his indebtedness to defendants.

One of defendants testified: Was approached once or twice in the spring of 1881 about getting credit for Mrs. Patrick, and suggested the deed to be given as security. Goods were supplied to her and to H. Patrick under the same security, separate accounts being kept for the two. Recognized as the handwriting of his clerk a statement of a balance ($20.03 and $1.25) due by Mrs. Patrick for the year 1881, which W. Patrick testified was given him the last of November. The balance was never paid; and in the following years during which he continued furnishing them supplies, never once were they square, but got deeper and deeper in debt each year. In 1886, the debt having reached about $565, witness told Mrs. Patrick her collateral was exhausted; and that is why she moved away. He admitted a verbal agreement to reconvey the land on full payment of the $200. On the failure of the plaintiffs so to pay, defendants regarded the title as in themselves; and when Mrs. Patrick removed in 1886, they considered their right of possession complete. Rented land to H. Patrick for $50 per year; denied that its being nearly ten per cent. of Mrs. Patrick's debt had anything to do with fixing the amount. Witness considered the land his from 1881, and paid the taxes on it from 1886 to 1888; the other defendant has paid them since. There was no agreement that the land was to secure the debt for 1881 alone. Witness did not remember how much cotton of the crop of 1881 was delivered to defendants after the statement of $20 balance due was made. Had no understanding with any of plaintiffs, after the debt of 1881 was contracted, that the deed should stand for further advances. After the deed was made, defendants bought straight out all the interest of C. L. and L. Patrick, who claimed that no one had a right to sign their names to the $200 deed. In 1890 defendants had built a house on the land, worth about $100; they furnished the lumber,

which·might not have cost over $15; the brick was already on the place. H. Patrick furnished the labor and built.

The motion for new trial contains the general grounds and the following : " Counsel for defendants further alleges as error the admissibility of the evidence of H. Patrick, W. and S. Patrick, and Mrs. Moody, objection being made at the time they testified to all of that portion of their evidence about the understanding that the deed was given by them to secure advances only for one year for their mother."

JOHN C. HART, for plaintiffs in error.
H. T. LEWIS and J. B. PARK, Jr., contra.